IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VIRGIL R. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:20-cv-965-WKW-JTA |
| | ) |
| SIBLEY G. REYNOLDS, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915(e). (*See* Doc. No. 5.) Plaintiff Virgil R. Smith, proceeding *pro* se, filed a Complaint on November 20, 2020. (Doc. No. 1.) This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.

For the reasons stated herein, the undersigned finds that this action is due to be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2).

**I.   STANDARD OF REVIEW**

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private

resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.* at 324.

A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Id.* at 325. In other words, a complaint is frivolous when it "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Neitzke,* 490 U.S. at 327. "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se*

3

litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.   FACTUAL ALLEGATIONS

In his Complaint, which is devoid of clarity, Plaintiff alleges "fraud, identity theft, wrongdoing, stealing, lying, losses, discrimination [and] Black Farmers." (Doc. No. 1 at 2.) Plaintiff names the following as defendants: Circuit Judge Sibley G. Reynolds, Nehemiah Scroggins, Probate Court of Wetumpka, Attorney Gerald or Jerry Daniels and J. Knoxx Argo. (Doc. No. 1 at 1, ¶ 2; Doc. No. 1 at 2-3, 5-7.) Plaintiff complains that "Probate gave [his] papers to the wrong people and destroyed his files[,] [he] was discriminated against and racial profiled[,] [a]nd his land was taken away without [his] knowledge, as well as identity theft and fraud." (Doc. No. 1 at ¶ 5.) Plaintiff alleges Judge Reynolds "made wrongful acts like in court." (Doc. No. 1 at 2.) Plaintiff states he is suing Nehemiah Scroggins for taking his property, identity theft, fraud, destroying the fishpond, and renting his grandfather's house. (*Id*.) Plaintiff states he is suing Attorney Daniels for "taking two books" and is suing J. Knoxx Argo for "taking two deeds." (*Id*. at 2-3) Plaintiff seeks as relief $6 billion. (*Id*. at 2.)

4

## III.   DISCUSSION

The court has carefully reviewed the Amended Complaint in this case pursuant to 28 U.S.C. § 1915(e).  Upon review, the court finds that this case should be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).  This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking.  *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.  *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction.  28 U.S.C. § 1332; 28 U.S.C. § 1331.  Diversity of citizenship jurisdiction requires that the action be "between . . . citizens of different States. . . ." and

5

the matter in controversy must exceed the sum or value of $75,000.00.  28 U.S.C. § 1332(a)(1).  According to the Complaint, all parties are citizens of Alabama and thus there is no diversity of citizenship.  Likewise, federal question jurisdiction does not exist because Plaintiff's claims do not arise under the Constitution, federal law or treaties of the United States.[1]  28 U.S.C. § 1331.  Rather, it is clear that if Plaintiff has any claims against the defendants they would arise under state tort law.  Accordingly, this court lacks subject matter jurisdiction over Plaintiff's claims.

However, to the extent Plaintiff attempts to bring a civil rights complaint under 42 U.S.C. § 1983, for which this court would have federal question jurisdiction, the court finds that he fails to state a claim for relief.  The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.  "[A] suit in which the State or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment."  *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *see also Carr v. City of Florence,* 916 F.2d 1521, 1524 (11th Cir. 1990) ("Although the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." (citing *Hans*

---

[1] Plaintiff does not allege any violations of his rights under the Constitution or laws of the United States, as required in a 42 U.S.C. § 1983 civil rights complaint.

*v. Louisiana,* 134 U.S. 1 (1890))).  Further, a suit against a state officer or employee in his or her official capacity is a suit against the official's office and is no different than a suit against the State itself.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Jackson v. Ga. Dep't of Transp.,* 16 F.3d 1573, 1575 (11th Cir. 1994) ("Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court.").  Accordingly, Plaintiff's claims for monetary relief against the Probate Court of Wetumpka and Judge Reynolds in his official capacity are barred by the Eleventh Amendment and thus due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

Moreover, a state judge is absolutely immune from civil liability for acts taken pursuant to his or her judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Thus, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.' " *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted).  "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).  Thus, even assuming the allegations in the Complaint as true, which the court must do at this point, the Complaint does not plead factual content that allows this court to draw the reasonable inference that Judge Reynolds acted "in the clear absence of all jurisdiction."  *See Bolin, supra*.  Hence,

7

Judge Reynolds is entitled to absolute judicial immunity and Plaintiff's claim against him in his individual capacity is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).

As far as the other individual defendants, Plaintiff does not allege that they are state actors or that their alleged conduct is attributable to the State. "As the Supreme Court has explained, '[t]o state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003) (citation omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id*. (citation omitted). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see also Gene Thompson Lumber Co., Inc. v. Davis Parmer Lumber Co., Inc.*, 984 F.2d 401, 403 (11th Cir. 1993). Conduct is fairly attributable to a state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible"; and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal citations and quotations omitted); *see also Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). Plaintiff has not alleged any facts which allow this court to draw the

reasonable inference that Defendants Scroggins, Daniels or Argo engaged in conduct which is fairly attributable to the State.² Accordingly, Plaintiff's Complaint fails to state a claim for relief against the individual defendants under § 1983.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the undersigned concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the conduct at issue being fairly attributable to the State.

## IV.   CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED.

It is further

ORDERED that **on or before January 21, 2022**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be

---

² The allegations asserted in the Complaint also lack clarity regarding how the conduct and/or actions of each of the named defendants violated Plaintiff's constitutional rights with regard to the claims he seeks to litigate.

considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of January, 2022.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE